IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2712-WJM-MJW

HAZHAR A. SAYED,

    Plaintiff,

v.

LT. PAGE VIRGINIA, Sterling Corr. Facility,
CAPT. MICHAEL TIDWELL, Sterling Corr. Facility,
SGT. HRADECKY, Sterling Corr. Facility, and
UNKNOWN JOHN DOE 1, C/O Sterling Corr. Facility, and
UNKNOWN JOHN DOE 2, Sterling Corr. Facility,

    Defendants.

## ORDER SUSTAINING OBJECTIONS IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

In this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff, Hazhar A. Sayed ("Plaintiff"), brings claims for deprivation of his First and Eighth Amendment rights against Defendants who are correctional officials at the Colorado Department of Corrections' Sterling Correctional Facility ("SCF"). Defendants moved to dismiss (ECF No. 37.) U.S. Magistrate Judge Michael J. Watanabe entered a Report and Recommendation recommending that Defendants' motion be granted. (ECF No. 55 ("the Recommendation").) Now before the Court are Judge Watanabe's Report and Recommendation ("Recommendation") (ECF No. 55) and Plaintiff's Objection thereto (ECF No. 58); as well as Plaintiff's subsequent Motion for Status (ECF No. 59) and request for Ruling and/or Hearing (ECF No. 60). For the reasons set forth below, Plaintiff's Objection is sustained in part and overruled in part.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Further, the Court is mindful of Plaintiff's *pro se* status, and accordingly reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). In evaluating such a motion, a court must "assume the truth of the

plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II. BACKGROUND

The following facts are drawn from the well-pled facts of Plaintiff's complaint and treated as true.

Plaintiff was a prisoner at Sterling Correctional Facility ("SCF") when the incident giving rise to this litigation occurred. (ECF No. 11 at 4, ¶3.) On May 2, 2015, Plaintiff was ordered to the vestibule area of his living pod, where he was met by five Correctional officers, Defendants Tidwell, Virginia, Hradecky, and Unknown John Does 1 and 2 ("Defendants"). (ECF No. 11 at 4, ¶¶ 3–4.) Plaintiff was asked to step outside to discuss a grievance he had filed, alleging a violation of his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq.*, *Id.* ¶ 5. Once outside, Defendant Tidwell immediately struck Plaintiff on the right side of

3

Plaintiff's face with his fist. *Id.* After being struck, Plaintiff "staggered backwards" and raised his hands to fend off additional blows. *Id.* ¶ 6. When Plaintiff asked for an explanation for why he was hit, Defendant Tidwell "screamed" at Plaintiff that he was "snitching and causing problems for the [M]ajor and if [Plaintiff] didn't stop, he would hit [Plaintiff] every time he saw [Plaintiff]." *Id*. Plaintiff attempted to move away and "was immediately tackled by Defendant Hradecky and Unknown John Doe 1 and Unknown John Doe 2." *Id.* ¶ 7. All of the named Defendants, except Defendant Virginia, "forcibly restrained" Plaintiff while he "was punched and kicked by all." (*Id.* at 4a, ¶ 8.) "Specifically, Defendant Tidwell struck [Plaintiff] in the head and neck area repeatedly while [Plaintiff] was restrained." *Id.*

After the punches and kicks, and while Plaintiff was still restrained, Defendant Tidwell "reached down, grabbing [Plaintiff's] right hand's little finger and twisted it, breaking it willfully and intentionally." Id. ¶ 9. Defendant Tidwell then told Plaintiff, "'we're even now.'" *Id.* Defendant Tidwell then used the intercom system to announce to all inmates, "'hey everybody, [Plaintiff] is a federal informant and a snitch and he's serving a sentence for sexual assault and has a fake mittimus." *Id.* ¶ 10. Defendant Tidwell then turned to Plaintiff and said, "'See how we deal with snitches in SCF.'" *Id.* Plaintiff was then placed in segregation and then transferred to the Colorado State Penitentiary (CSP). *Id.* ¶ 11. Although not personally participating in the assault, Defendant Virginia was present and acted with "deliberate indifference and failed to protect [Plaintiff] from being assaulted" by the other Defendants. (*Id.* at 5, ¶ 14–15.)

As a result of his transfer, Plaintiff allegedly suffered a loss of personal property

4

valued at approximately $1,500.00 dollars. *Id.* Plaintiff was also served with disciplinary reports, which required him to pay $301.50 for restitution. *Id.*

On March 20, 2017, named Defendants filed a Motion to Dismiss ("Motion") under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 37.) The Motion was referred to U.S. Magistrate Judge Michael J. Watanabe for a recommended disposition. (ECF No. 19.) On June 7, 2017, Judge Watanabe issued his recommendation that the motion be granted. (ECF No. 55.) Plaintiff filed a timely objection to the Recommendation. (ECF No. 58.) Defendants did not respond to Plaintiff's Objection.

### III. ANALYSIS

Defendants moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), contending that they "are entitled to qualified immunity" and that "Sayed fails to allege that Defendants violated his clearly established constitutional rights." (ECF No. 37 at 3.) Defendants also argue that "Sayed's § 1983 claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because "[a] judgment in favor of Sayed regarding his § 1983 claims, all of which arise from the May 2, 2015 assault at SCF, would necessarily imply the invalidity of his convictions" in Colorado state court arising out of the same incident. (ECF No. 37 at 4.) Lastly, Defendants argue that "[Plaintiff] fails to state a cognizable deprivation of property claim." (*Id.* at 4.**)**

In his Recommendation, Judge Watanabe found as follows: (1) "[A]ll of [P]laintiff's claims brought under § 1983 relating to the May 2, 2015 incident are barred by *Heck*;" and (2) Plaintiff failed to allege that any defendant personally participated in the destruction of his property. (ECF No. 55 at 7, 8.) He therefore recommended that

5

the Defendants' Motion to Dismiss be granted and that Plaintiff's claims be dismissed with prejudice. (*Id.* at 8.)

Plaintiff objects generally to the Recommendation's finding that he failed to state a cognizable claim under the First and Eighth Amendments. (ECF No. 58.) Specifically, Plaintiff objects to: (1) the Recommendation's standard of review under Rule 12(b)(6) (*id.* at 7); (2) the reasoning under the *Heck* doctrine (*id.* at 6); and (3) the finding that the named Defendants are not personally liable for the destruction of plaintiff's personal property. (*id.* at 8.).

### A.  Qualified Immunity

In their Motion to Dismiss, Defendants very briefly and only in passing refer to qualified immunity and state that "[P]laintiff fails to allege that [D]efendants violated his clearly established constitutional rights." (ECF No. 37 at 3.) As will be discussed further, *infra,* apart from the mere reference to qualified immunity in their Motion, the Defendants failed to develop any argument or analysis in support of this contention.

"Qualified immunity is an affirmative defense." *Ortega v. City and County of Denver*, 2013 WL 359934, at *6 (D.Colo. Jan. 30, 2013). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "The judges of the district courts . . . [may] exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*

6

*v. Callahan*, 555 U.S. 223, 236 (2009).

The plaintiff bears the burden of demonstrating that the law was clearly established at the relevant time. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000). "A right is clearly established in this circuit when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). Nonetheless, the clearly established inquiry

> involves more than a scavenger hunt for prior cases with precisely the same facts. The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation. The Supreme Court has cautioned [lower] courts not to define clearly established law at a high level of generality, but to focus on whether the violative nature of particular conduct is clearly established.

*Perea v. Baca*, 817 F.3d 1198, 1204 (10th Cir. 2016) (internal quotation marks and citations omitted). *See also White v. Pauly*, 137 S.Ct. 548, 552 (2017) (reiterating "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality'").)

Although Judge Watanabe's Recommendation is thorough with respect to Defendants' other arguments, the Report and Recommendation on Motion to Dismiss did not reach Defendants' qualified immunity argument. (ECF No. 55).

Moreover, while Defendants claimed qualified immunity in their Motion to Dismiss, they utterly failed to develop this argument in any meaningful manner. (ECF No. 37 at 3.) They did not engage in the two-part inquiry discussed above nor cite any

7

legal authority entitling them to qualified immunity given the facts Plaintiff has alleged. While Defendants say, "[f]or the reasons set forth below, Plaintiff fails to allege that Defendants violated his clearly established constitutional right," they do not actually provide the reasoning or show that the constitutional right is not clearly established. (ECF No. 37 at 3.) Additionally, although Plaintiff responded to the qualified immunity argument in his Response to Defendants' Motion to Dismiss, Defendants did not at all consider the argument in their Reply to his Response. (ECF No. 51 at 3–6; ECF No. 53). For all of these reasons, the Court finds Defendants have not sufficiently advanced a qualified immunity argument and have forfeited it at this stage.[1]

*See Meyer v. Bd. of County Comm'rs*, 482 F.3d 1232,1242 (10th Cir. 2007), ("[the court is] not charged with making the parties' arguments for them."); *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir.1992) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.'") *quoting Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990)). Similarly in this case, because the Defendants mention the defense without engaging in the analysis, they have failed to raise the affirmative defense of qualified immunity. In failing to develop this argument, they have effectively waived the affirmative defense. (*Accord Ortega v. City and County of Denver*, 2013 WL 359934).

---

[1] A defendant who raises qualified immunity as a defense shifts the burden to the plaintiff to show the violation of a clearly established right. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Here, given the Court's review under Rule 12(b)(6), Defendants' failure to do any more than recite the words "qualified immunity" in their Motion to Dismiss and their abandonment of this defense in the Rule 72 briefs, the Court finds this burden on Plaintiff has been discharged by the clear violation of rights pled by the facts alleged in Plaintiff's complaint.

Additionally, even were the Court to conclude that Defendants had not effectively abandoned their qualified immunity defense in the manner described, it would nonetheless find that Plaintiff *does* have clearly established constitutional rights to access the courts and to be free from physical and psychological retaliation and intimidation from state correctional officials for exercising these rights. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "[R]etaliation for filing lawsuits and administrative grievances [. . . .] violates both the inmate's right of access to the courts and the inmate's First Amendment rights." *Wildeberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989).

Plaintiff also has a clearly established right under the Eighth Amendment to be free from excessive force. "[E]xcessive force claims brought by convicted prisoners fall under the rubric of the Eighth Amendment's prohibition against cruel and unusual punishment." *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 2016). In *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), the Supreme Court extended this holding to say that the use of excessive physical force against a plaintiff may constitute excessive force even when the inmate does not suffer serious injury. Thus, taking Plaintiff's well-pled facts as true, he has plausibly alleged violations of his clearly established rights under the First and Eighth Amendments.

For these reasons, the Plaintiff's claim brought under § 1983 relating to the May 2, 2015 incident is not barred by qualified immunity.

B.     *Heck v. Humphrey*

In their Motion to Dismiss, Defendants argue that Sayed's § 1983 claims based on the use of excessive force and deliberate indifference in violation of the Eighth Amendment should be dismissed under the *Heck* doctrine because of state court proceedings arising out of the same May 2, 2015 events, in which he was convicted of one count of second degree assault and one count of third degree assault under Colorado law.  (ECF No. 37 at 3-4.)  In his Recommendation, Judge Watanabe agreed that "the motion to dismiss should be granted to the extent it argues that Plaintiff's § 1983 claims should be dismissed under the *Heck* doctrine."  (ECF No. 55 at 7.)  Although the Judge thoughtfully discussed the issue, applying *de novo* review, this Court reaches the opposite conclusion at this phase of litigation, and as a consequence sustains the objection and denies the motion to dismiss outright on this claim.

In *Heck*, the Supreme Court held that when a § 1983 plaintiff brings a claim for:

> an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence: if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 477 (1994).

In his state court proceedings, Plaintiff was found guilty by a jury of assault in the second degree while lawfully confined or in custody under Colorado Revised Statutes § 18-3-203(1)(f), and assault in the third degree with the intent to cause bodily injury by means of a deadly weapon under Colorado Revised Statutes § 18-3-203(1)(b). (ECF

No. 37-1.)  The Recommendation concluded that, "[Plaintiff's] version of the facts is in tension with the jury's conclusion [in the state court proceeding] that Plaintiff assaulted Defendant Tidwell with a deadly weapon." (*Id*. at 7).

In his Response to Defendants' Motion to Dismiss, Plaintiff argues that a court "could reasonably find that Mr. Sayed was retaliated against and his First and Eighth Amendments were violated without undermining the elements necessary to convict him of second and third degree assault." (ECF No. 51 at 7).  Plaintiff also points out that "the assaultive actions Mr. Sayed was convicted of could have all occurred following the retaliatory actions against him." (*Id* at 7-8).

Applying the requirement under Rule 12(b)(6) to treat the Plaintiff's well-pled facts as true, the Court finds that it is plausible for Plaintiff's claims to have merit without necessarily invalidating the state court's conviction. The Court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence the parties may present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. For the Deaf and Blind*, F.3d 1226, 1236 (10th Cir. 1999).  Here, the Court finds that Plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. Although Defendants attach the jury verdict and docket sheet from Plaintiff's state court convictions to their Motion to Dismiss, these documents do not establish facts showing that success on Plaintiff's § 1983 claims would necessarily invalidate or be inconsistent with his Colorado assault convictions.

"Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and

afford the parties notice and an opportunity to present relevant evidence. However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244,1264 n.24 (10th Cir. 2006) (internal citations omitted). Thus, while the Court may consider the state court documents in granting a Rule 12(b)(6) motion, here the limited facts those documents establish are insufficient to show the conviction would necessarily be invalidated by Plaintiff's First and Eighth Amendment claims. To rely further on facts implied but not necessary to the subject convictions would convert the Rule 12(b)(6) motion to dismiss into a motion for summary judgment. The Court will not grant the "harsh remedy" of dismissal under Rule 12(b)(6) based on the minimal facts regarding Plaintiff's assault convictions that have been established at this early pleading stage, and on this record as it is currently developed. *See Dias*, 567 F.3d at 1178.

Additionally, the cases Judge Watanabe and Defendants rely upon can be distinguished. The Recommendation relied primarily on the Tenth Circuit's decision in *Havens v. Johnson*, 783 F.3d 776. (ECF No. 55 at 5.) In that case, Plaintiff brought a Fourth Amendment complaint against Johnson, a police detective, for the use of excessive force. *Id.* at 781. The plaintiff had pled guilty to attempted first degree assault of Detective Johnson in Colorado state court, but in his § 1983 complaint denied any wrongdoing, alleging he "at no time attempted to resist arrest [and it] asserted that the criminal prosecution was bogus." *Id.* The district court granted Defendant's Motion for Summary Judgment "because [plaintiff] has not explained how [defendant] used excessive force in a way that would still be consistent with the basis

12

for his attempted-assault conviction," and the Tenth Circuit affirmed. *Id.* at 777.

Similarly, the Recommendation also relied on *DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). The plaintiff in that case also "claims he did nothing wrong, but was viciously attacked for no reason . . . . [The] suit squarely challenges the factual determination that underlies his conviction for resisting an officer. If [the plaintiff] prevails, he will have established that his criminal conviction lacks any basis. (ECF No. 55 at 5 (quoting *DeLeon v. City of Corpus Christi*, 488 F.3d at 657).)

Those cases are distinguishable, because here Plaintiff does not claim that he did not assault the correctional officers, nor is he trying to invalidate the state court conviction. Also, in those cases, the plaintiffs' only theory of relief was based on their alleged innocence. (ECF No. 55 at 6.) Here, the crimes of which Plaintiff was convicted, as well as the alleged violations of his constitutional rights, are not mutually exclusive, and both could have taken place as alleged in the complaint. Moreover, it is significant that the court in *Havens* was considering a summary judgment motion, and was thus reviewing the evidence in the context of Rule 56, and not merely evaluating whether Plaintiff had plausibly stated a claim at this pleading stage of the case.

Given all of the above, the Court concludes Plaintiff has plausibly pled facts stating a claim under § 1983 relating to the May 2, 2015 incident, and that *Heck* does not require dismissal of this claim.

**C.    Deprivation of Property**

Regarding Plaintiff's Destruction of Property claim, the Recommendation found that "the Motion to Dismiss (Docket No. 37) should be granted to the extent it argues

that Plaintiff fails to state a destruction of personal property claim." (ECF No. 55 at 8.) The Recommendation accurately explained that "[i]ndividual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal liability." (ECF No. 55 at 8 (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423-24(10th Cir. 1997)).) Personal participation and involvement is an essential allegation in a § 1983 claim. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's own participation. *Stidham v. Peace officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Here, the Plaintiff failed to make this affirmative link between the alleged deprivation of property and the personal conduct of the Defendants. Thus, the Court agrees this claim must be dismissed. But the Court will sustain Plaintiff's Objection to the extent that Judge Watanabe recommended dismissal *with prejudice*. Instead, the Court dismisses this claim *without prejudice*, with leave to file an amended complaint to allow the Plaintiff an additional opportunity to allege facts which show that one or more of the named Defendants personally participated in the deprivation of Plaintiff's property.

## IV. APPOINTMENT OF COUNSEL

Plaintiff previously filed a Motion to Appoint Counsel. (ECF No. 27.) Judge Watanabe denied the motion because he found that "even assuming Plaintiff has a colorable claim, he currently appears to be able to present his case adequately. The factual and legal issues raised are not so numerous or complex that Plaintiff is unable

to present his case adequately *at this stage of the litigation*." (ECF No. 33 (emphasis added).) Given the Court's present Order, and because the litigation will now advance past the Rule 12 stage, the Court *sua sponte* revisits this decision and will by separate order appoint counsel from the Court's Civil Pro Bono Panel to represent Plaintiff.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 58) to the Report and Recommendation on Motion to Dismiss (ECF No. 55) is SUSTAINED IN PART AND OVERRULED IN PART as set forth above;

2. The Report and Recommendation on the Motion to Dismiss (ECF No. 55) is ADOPTED IN LIMITED PART, but otherwise OVERRULED, as set forth above;

3. The Motion to Dismiss (ECF No. 37) is GRANTED IN PART and DENIED IN PART, as follows:

    a. The Motion is GRANTED to DISMISS Plaintiff's claim of deprivation of property *without prejudice.* The Plaintiff is granted LEAVE to file an amended complaint consistent with this Order no later than **December 8, 2017**;

    b. Defendants' Motion to Dismiss is in all other respects DENIED;

4. Plaintiff's Motion for Status (ECF No. 59) is DENIED AS MOOT;

5. Plaintiff's Request for Ruling and/or Hearing (ECF No. 60) is GRANTED IN PART insofar as the Court has now ruled on the relevant matters, but is DENIED to the extent that Plaintiff requests a hearing;

6. The stay previously entered pending a ruling on Defendants' Motion to Dismiss (See ECF No. 43) is hereby LIFTED. The case is now ripe for the setting of Rule 16 Scheduling/Planning Conference and entry of a Scheduling Order; and

7. Plaintiff's Motion for Appointment of Counsel (ECF No. 27) is GRANTED and a separate Order for the appointment of counsel will issue.

Dated this 13th day of November, 2017.

BY THE COURT:

William J. Martínez
United States District Judge