IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2712-WJM-NRN

HAZHAR A. SAYED,

    Plaintiff,

v.

LT. PAGE VIRGINIA, Sterling Corr. Facility,
CAPT. MICHAEL TIDWELL, Sterling Corr. Facility,
SGT. HRADECKY, Sterling Corr. Facility, and
UNKNOWN JOHN DOE 1, C/O Sterling Corr. Facility, and
UNKNOWN JOHN DOE 2, Sterling Corr. Facility,

    Defendants.

---

**ORDER ADOPTING IN PART DECEMBER 3, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING MOTION FOR SUMMARY JUDGMENT**

---

On November 3, 2016, Plaintiff Hazhar Sayed ("Sayed"), proceeding *pro se*, brought this action against Defendants Lieutenant (ret.) Virginia Page, Captain Michael Tidwell, and Sergeant Robert Hradecky (collectively, "Defendants") alleging deprivations of his First and Eighth Amendment rights. (ECF Nos. 1 & 11.)

This matter is now before the Court on the December 3, 2019 Recommendation of United States Magistrate Judge N. Reid Neureiter ("Recommendation") (ECF No. 180) that Defendants' Motion for Summary Judgment ("Motion") (ECF No. 126) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, Sayed's Objection (ECF No. 181) is overruled,

the Recommendation is adopted in part, and summary judgment is granted in favor of Defendants.

## I. BACKGROUND

**A.     Factual History**

The followings facts are undisputed unless attributed to a party or otherwise noted.[1]

At the time of the incident at the foundation of this lawsuit, Sayed was an inmate at Sterling Correctional Facility ("SCF"). (ECF No. 180 at 2.) On April 17, 2015, Sayed filed a grievance against Defendant Lieutenant Virginia Page. (ECF No. 170-1.)

On May 2, 2015, Defendant Captain Michael Tidwell ordered Sayed to the vestibule area of his living pod at SCF to discuss the grievance. (ECF No. 180 at 2.) Captain Tidwell, Lieutenant Page, and Sayed all walked down the hallway. (ECF No. 126-1 at 29.) Eventually, there was an altercation between Sayed and Captain Tidwell. (ECF No. 180 at 2.) Lieutenant Page, Defendant Sergeant Robert Hradecky, and others responded to the altercation. (*Id.*) Captain Tidwell and Sayed were both injured. (*Id.*) Sayed claims he suffered injury to his right eye and a broken pinky finger, which later caused permanent injury to his right hand. (ECF No. 163 at 3.) Sayed also claims that Captain Tidwell announced over the SCF speaker system that Sayed was a sex offender and federal informant. (*Id.* at 4.) On May 4, 2015, Sayed was transferred from SCF to the Colorado State Penitentiary. (ECF No. 180 at 2.) A jury later convicted Sayed of third degree assault for the altercation with Captain Tidwell. (ECF

---

[1] All ECF page citations are to the page number in the CM/ECF header, which does not always match the document's internal pagination, particularly in exhibits.

No. 126-9 at 3.)

Sayed filed two sets of grievances related to the May 2 incident, first a set of grievances filed beginning on May 8, 2015 ("May 8 Grievances") (ECF No. 126-6 at 1–4), and then another set of grievances filed beginning on October 18, 2016 ("October 18 Grievances") (*id.* at 5–8).

1. <u>May 8 Grievances</u>

On May 8, 2015, Sayed filed a Step 1 grievance claiming that Captain Tidwell and other correctional officers assaulted him even though he was not violating any prison rules or acting disruptively, and thereby violated his First, Eighth, and Fourteenth Amendment rights. (*Id.* at 1.) As a remedy, Sayed sought physical therapy or other medical treatment, and immediate release from segregation and a return to the general population. (*Id.*) A grievance responder found that Sayed's request for medical treatment had already been granted. (*Id.*) He denied Sayed's request for a change in housing status because placement was in accordance with prison policy and Sayed's offender classification. (*Id.*)

Sayed then filed a Step 2 grievance reiterating that Captain Tidwell broke his hand and announced that Sayed was a snitch. (*Id.* at 2.) Sayed again requested release from segregation. (*Id.*) His grievance was again denied because the responding grievance coordinator "reviewed the video of the incident" and found that Sayed "violently, and without provocation, attacked a staff." (*Id.*)

Sayed pursued a Step 3 grievance, reiterating the same constitutional violation, and requesting the same remedy. (*Id.* at 3.) On July 17, 2015, Grievance Officer

Anthony DeCesaro responded, stating that the subject of Sayed's grievance—classification and placement in segregation—"is not an issue which the grievance process is designed to address." (*Id.* at 4.) DeCesaro concluded that "[b]ecause this [grievance process] is not a valid method for review of your issue, you have not exhausted your administrative remedies. This is the final administrative action in this matter." (*Id.*)

Indeed, Department of Corrections ("DOC") Administrative Regulation 850-04 ("AR 850-04"), which sets forth the grievance procedure used by Sayed, states that the procedure may not be used to seek review of inmate classification. (ECF No. 126-10 at 4.) Instead, DOC maintains that Administrative Regulation 600-01, which sets forth the policy for offender classifications, governs challenges to an offender's classification. (ECF No. 126 at 26; *see* ECF No. 170-3.)

2. October 18 Grievances

On October 18, 2016, Sayed filed another Step 1 grievance claiming that he was assaulted and intentionally injured by Captain Tidwell. (ECF No. 126-6 at 5.) He also complained that he had requested physical therapy, but had not received any. (*Id.*) As a remedy, he requested that he "never be subject to these conditions again" and that he receive physical therapy as directed by his doctor on July 30, 2015. (*Id.*)

AR 850-04 requires that a Step 1 grievance "must be filed no later than 30 calendar days from the date the offender knew, or should have know, of the facts given rise to the grievance." (ECF No. 126-10 at 8.) Thus, a grievance responder denied Sayed's request as untimely because both the May 2015 incident in which Sayed's hand was broken, and the denial of physical therapy in July 2015, were outside the 30-

day time period in which to submit a grievance. (ECF No. 126-6 at 5.)

At Step 2, Sayed repeated his request to never be subject to the same conditions again and for physical therapy. (*Id.* at 6.) Sayed also raised concerns about co-payments for medical services. (*Id.*) A grievance responder advised Sayed to submit a kite for medical care, and denied the grievance as untimely. (*Id.* at 6.)

At Step 3, Sayed once again requested medical treatment. (*Id.* at 7.) On January 4, 2017, DeCesaro denied his grievance because the "action occurred 7/20/15 and you did not file the Step 1 until 10/18/16." (*Id.* at 8.) Accordingly, DeCesaro determined that Sayed "failed to follow the grievance procedure in this matter" and had "<u>not</u> exhausted [his] administrative remedies." (*Id.*)

**B.     Procedural History**

On November 3, 2016, Sayed filed this lawsuit *pro se* alleging deprivation of his First and Eighth Amendment rights by SCF correctional officers. Defendants moved to dismiss. (ECF No. 37.) U.S. Magistrate Judge Michael J. Watanabe entered a Recommendation recommending that Defendants' motion be granted. (ECF No. 55.) Sayed objected, and the Court sustained that objection in part, finding that Defendants were not entitled to qualified immunity, that Sayed had plausibly pled facts to state a claim, and that Sayed's conviction for assaulting Captain Tidwell was not a bar to Sayed's lawsuit under *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 61.) The Tenth Circuit affirmed this Court's denial of qualified immunity, and dismissed the remainder of the appeal for lack of jurisdiction. (ECF No. 94.)

On August 15, 2019, Defendants filed the instant Motion arguing for summary

judgment on three separate bases: (1) Sayed fails to establish a genuine issue of material fact particularly in light of the video evidence; (2) Sayed's claim are barred by *Heck* because Sayed now states that he did not assault Captain Tidwell; and (3) Sayed failed to exhaust his administrative remedies. (ECF No. 126.) Judge Neureiter agreed on all three bases. (ECF No. 180.) On administrative exhaustion, Judge Neureiter found that Sayed's May 8 Grievances raised non-grievable issues and the October 18 Grievances were untimely. (*Id.* at 7.) He thus concluded that Sayed had failed to comply with the grievance procedures and failed to exhaust his administrative remedies. (*Id.* at 7–8.) Sayed timely objected to the Recommendation. (ECF No. 181.)

## II. LEGAL STANDARD

### A. Rule 72(b) Standard

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

6

In considering the Recommendation, the Court is mindful of Sayed's *pro se* status, and accordingly reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Sayed, who still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

**B.     Summary Judgment Standard**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to the factfinder or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving

party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  See *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

The Court need only address the administrative exhaustion issue, which is dispositive of Sayed's claim.

Defendants argue that Sayed failed to satisfactorily exhaust all available administrative remedies.  (ECF No. 126 at 23–26.)  Judge Neureiter agreed, and recommended granting the Motion.  (ECF No. 180 at 8.)

Sayed did not object to the Recommendation's conclusion that the October 18 Grievances were untimely, and thus were properly denied on procedural grounds.  (*See* ECF No. 180 at 7.)  Because Sayed did not specifically object to Judge Neureiter's ruling with respect to the October 18 Grievances, the Court reviews that determination for clear error, and finds none.  *See Bertolo v. Benezee*, 2013 WL 1189508, at *1 (D. Colo. Mar. 22, 2013) ("In the absence of a timely and specific objection, 'the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate'") (quoting *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991), *aff'd*, 601 F. App'x 636 (10th Cir. 2015).

Sayed did, however, timely and specifically object to that portion of the Recommendation related to the May 8 Grievances, and thus the Court reviews *de novo*

8

whether Sayed failed to exhaust his administrative remedies with respect to the May 8 Grievances. (ECF No. 181 at 6–9.) Sayed argues that the May 8 Grievances complied with the grievance procedure, and that he properly exhausted his administrative remedies. (*Id.* at 7–9.) Specifically, he argues that "an inmate can and does exhaust his administrative remedies even if the requested relief is unavailable." (*Id.* at 8.)

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (describing exhaustion as mandatory); *Booth v. Churner*, 532 U.S. 731, 738 ("The available remedy must be exhausted before a complaint under § 1983 may be entertained." (internal quotation marks omitted and alteration incorporated)). A "court claim that was not alleged at the administrative level could not have been exhausted there." *Williams v. Wilkinson*, 659 F. App'x 512, 515 (10th Cir. 2016). Under the PLRA, failure to exhaust is an affirmative defense, and the burden of proof lies with the defendant. *Jones*, 549 U.S. at 216; *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

The PLRA requires administrative exhaustion in part to provide the agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. at 89. For example, the

9

Supreme Court has repeatedly stated that when a prisoner brings a constitutional claim seeking monetary damages, the prisoner must first ask for monetary damages and exhaust administrative remedies through the grievance procedure, even when monetary damages are not available in the grievance process. *Booth*, 532 U.S. at 740–41; *Woodford*, 548 U.S. at 85. This directly suggests that there must be some relationship between the administrative remedies sought in the grievance process and the prayer for relief.

DOC denied Sayed's Step 3 grievance, and expressly informed Sayed in that denial that he had not exhausted his administrative remedies because he had not pursued a "valid method of review" of the classification issue he raised. (ECF No. 126-6 at 4.) Defendants contend that Sayed thus failed to exhaust his administrative remedies because he had not pursued a valid method of review. (ECF No. 126 at 25; ECF No. 188 at 7.)

The unavailability of relief through the grievance process is not why Sayed failed to exhaust his administrative remedies. Indeed, in *Booth*, the Supreme Court held that a prisoner must complete the grievance process, regardless of the relief offered through administrative procedures. 532 U.S. at 741. "If the unavailability of the requested remedy was sufficient to render a grievance unexhausted, the rule of *Booth* and *Woodford* would be irrelevant—it would be impossible to exhaust a grievance where the requested relief was not available." *Gandy v. Raemisch*, 2014 WL 1292799, at *9 (D. Colo. Mar. 31, 2014). For example, had Sayed requested and been denied monetary damages—another remedy unavailable under the grievance procedure—in his May 8

Grievances, he would have exhausted his administrative remedies with respect to such monetary damages, and then could have brought a lawsuit to recover monetary damages. *See Booth*, 532 U.S. at 741.

Rather, Sayed failed to exhaust his administrative remedies because he seeks remedies in this lawsuit that he did not seek in his May 8 Grievances. Defendants hint at this issue—failure to exhaust forms of relief available to Sayed and relevant to the instant litigation—without fully understanding its import, in part because Defendants so heavily rely on their erroneous interpretation of Sayed's argument as raising the same question as in *Booth*. (*See* ECF No. 188 at 7–8.) In the instant action, Sayed seeks compensatory relief, a declaration that Defendants violated the First and Eighth Amendments, nominal and punitive damages, and any other relief available. (ECF No. 11 at 11.) Sayed's May 8 Grievances did not seek any remedy for placement in segregation; rather, the remedy sought was *release from segregation*. These are plainly not the same, and did not give Defendants an opportunity to correct its alleged mistakes. *See Woodford*, 548 U.S. at 89. Moreover, Sayed does not argue that his placement in segregation was a continuation of the First Amendment retaliation against him, or that his grievance should be read as a request that the facility stop retaliating against him.

Because Sayed failed to pursue the remedies requested in his lawsuit at the administrative level, the Court finds that he failed to properly exhaust his administrative remedies. *See Williams*, 659 F. App'x at 515. Despite the availability of administrative remedies that would have provided Sayed the relief he seeks in his lawsuit (*see* ECF

No. 126-10 at 2), Sayed did not seek a change in policy, assurance that the alleged abuse would not recur, payment of restitution, or restoration of his property (*see* ECF No. 126-6 at 1–3). In addition, Sayed never sought monetary damages in the May 8 Grievances, but now seeks such relief in his complaint.

*Gandy* is distinguishable and instructive. 2014 WL 1292799. In *Gandy*, the court found that a plaintiff who sought remedies expressly prohibited by the grievance procedure had indeed exhausted his administrative remedies, despite the unavailability of the remedies sought. *Id.* at *9. Like Sayed, the *Gandy* plaintiff claimed that the prison changed his conditions of confinement in retaliation for exercising his First Amendment rights. *See id.* at *8. However, the *Gandy* plaintiff filed a grievance for transferring him between facilities, and, as a remedy, asked for written acknowledgment of the retaliation and reasonable compensation. *Id.* He also pursued monetary relief in his lawsuit. *Gandy v. Barber*, Civ. No. 12-cv-3331 (D. Colo. filed March 4, 2013) ECF No. 9 at 9. The Court thus found that the plaintiff had adequately exhausted his administrative remedies. *Gandy*, 2014 WL 1292799, at *10. Sayed, by contrast, did not seek remedies in the May 8 Grievances that he now seeks in his lawsuit.

Absent a connection between the remedies sought in the lawsuit and the remedies sought in the May 8 Grievances, the Court finds that Sayed failed to exhaust his administrative remedies. Accordingly, the Court adopts that part of the Recommendation that recommends granting the Motion for failure to exhaust administrative remedies. The Court need not consider the other bases for summary judgment discussed in the Recommendation.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's December 3, 2019 Recommendation (ECF No. 180) is ADOPTED IN PART, as modified;

2. Plaintiff's Objection (ECF No. 181) is OVERRULED;

3. Defendants' Motion for Summary Judgment (ECF No. 126) is GRANTED;

4. Plaintiff's Objection to the Minute Order Granting Motion to Withdraw as Counsel For Plaintiff (ECF No. 153) is OVERRULED as moot;

5. Plaintiff's Motion to Exclude Evidence of Certain Grievances (ECF No. 164), Plaintiff's Motion in Limine to Exclude Evidence of Prior Conviction and Length of Sentence (ECF No. 165), Plaintiff's Motion to Exclude Evidence of Plaintiff's Other Lawsuits (ECF No. 172), and Plaintiff's Motion to Supplement the Record with a Complete Video-tape (ECF No. 183) are DENIED AS MOOT;

6. The Final Trial Preparation Conference and Jury Trial in this matter are VACATED;

7. The Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff, and terminate the case; and

8. The parties shall bear their own costs.

Dated this 9th day of March, 2020.

BY THE COURT:

William J. Martinez
United States District Judge