IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2712-WJM-NRN

HAZHAR A. SAYED,

    Plaintiff,

v.

VIRGINIA PAGE,
MICHAEL TIDWELL,
ROBERT HRADECKY,
UNKNOWN JOHN DOE 1, and
UNKNOWN JOHN DOE 2,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND/ALTER JUDGMENT AND MOTIONS FOR AN ORDER

    This matter is before the Court on Plaintiff Hazhar A. Sayed's Motion to Amend/Alter Judgment (ECF No. 198) and Motions for an Order (ECF Nos. 206, 208, & 210).  Plaintiff asks the Court to reconsider its March 9, 2020 Order (ECF No. 195) adopting in part the Recommendation of U.S. Magistrate Judge N. Reid Neureiter (ECF No. 180) and granting Defendants' Motion for Summary Judgment (ECF No. 126).  For the reasons set forth below, Plaintiff's Motion to Amend/Alter Judgment is denied, and Plaintiff's Motions for an Order are denied as moot.

    Plaintiff asks the Court to reconsider its prior Order in this case on the basis of Federal Rule of Civil Procedure 59(e).  (ECF No. 198.)  The three principal grounds that justify reconsideration under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or

prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) does not offer an opportunity for a party to reargue its case after the court has rendered a decision. *Id.* (stating that a party moving to reconsider a prior ruling should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see also All West Pet Supply Co. v. Hill's Pet Products Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

Here, Plaintiff argues the Court incorrectly ruled that he had failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e *et seq.* The arguments made by Plaintiff in this Motion are copied for the most part verbatim from those set forth in his Objections to the Magistrate Judge's Recommendation. (*Compare* ECF No. 198, *with* ECF No. 181.) In adopting the Magistrate Judge's Recommendation and granting summary judgment, the Court already fully considered those arguments and found them unpersuasive. (*See* ECF Nos. 181, 195, & 198.)

Because Plaintiff has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, the Court ORDERS that Plaintiff's Motion to Amend/Alter Judgment (ECF No. 198) is DENIED, and Plaintiff's Motions for an Order (ECF Nos. 206, 208, & 210) are DENIED AS MOOT.[1]

---

[1] Plaintiff's Motions for an Order assert that, pursuant to Colo. Rev. Stat. § 13-5-135, the Court is required to issue an order on his motions within 90 days from the date of filing.

Dated this 6th day of August, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

Plaintiff is mistaken. By its terms, section 13-5-135 applies only to "the district courts of this state"—that is, the Colorado state district courts, not federal courts located in the state of Colorado. In any event, because subject matter jurisdiction is premised on 28 U.S.C. § 1331, the Court is not bound by state court procedural rules in this case. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).